UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,                      No. 20-mc-51123

v.                                                        Honorable Nancy G. Edmunds

EVAN ALEXANDER JOHNSON,

        Defendant-Petitioner.
_____/

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S
MOTION FOR RETURN OF PROPERTY [1] AND CLOSING CASE**

On August 24, 2015, a jury found Defendant Evan Alexander Johnson guilty of RICO conspiracy in violation of 18 U.S.C. § 1962(d) (Count 1) and possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) (Count 6).  (Case no. 14-20119, dkt. 367.)  On April 12, 2016, the Court sentenced Defendant and entered judgment.  (*Id.* at dkt. 450.)  The Sixth Circuit affirmed on direct appeal and issued its mandate on March 26, 2018.[1]  (*Id.* at dkts. 534, 535.)  On September 8, 2020, Defendant filed a pro se motion for the return of his property pursuant to Federal Rule of Criminal Procedure 41(g).  (Dkt. 1.)  Defendant seeks the return of a Samsung Galaxy cell phone that was seized during the execution of a search warrant issued in his criminal case.  The Clerk's office opened the above-captioned miscellaneous case and docketed Defendant's motion within this case.

---

[1] Defendant later filed a motion for post-conviction relief under 28 U.S.C. § 2255, which remains pending before the Court.

Under Federal Rule of Criminal Procedure 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." However, this rule only applies if a criminal case is pending. After a criminal conviction, a motion under Rule 41(g) is treated as a civil action in equity. *See Stiger v. United States*, 100 F. App'x 370, 371-72 (6th Cir. 2004) (citing *United States v. Dusenbery*, 201 F.3d 763, 768 (6th Cir. 2000); *United States v. Duncan*, 918 F.2d 647, 654 (6th Cir. 1990)). Here, criminal proceedings are no longer pending and Defendant did not file a civil action. Thus, the Court will deny Defendant's motion without prejudice to the filing of an appropriate civil action. *See United States v. Savage*, 99 F. App'x 583, 584 (6th Cir. 2004) (finding the district court did not err when it denied a Rule 41(g) motion filed after judgment was entered and instructed the movant to file a separate civil action); *see also In re Khalid Bin Al-Saud*, No. 12-mc-50076, 2012 U.S. Dist. LEXIS 173058, at *2-3 (E.D. Mich. Dec. 6, 2012).

In light of the foregoing, Defendant's motion for the return of property is DENIED WITHOUT PREJUDICE, and this miscellaneous case is CLOSED.

SO ORDERED.

                                  s/Nancy G. Edmunds
                                  Nancy G. Edmunds
                                  United States District Judge

Dated: October 21, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 21, 2020, by electronic and/or ordinary mail.

                                  s/Lisa Bartlett
                                  Case Manager